**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**JOHNSON COUNTY DISPOSAL WELL SERVICES, INC.** **PLAINTIFF**

**VS.** **NO. 10-2096**

**JOHNSON COUNTY, ARKANSAS** **DEFENDANT**

**BRIEF IN SUPPORT OF RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

Plaintiff's complaint asserts, under 42 U.S.C. § 1983, that a waste disposal ordinance in place in Johnson County, Arkansas, violates its rights under the Commerce Clause of the U.S. Constitution. Specifically, the Plaintiff corporation alleges that"the ordinance has the effect of discriminating against waste generated outside Johnson County and hauled within Johnson County, as compared to waste generated inside of Johnson County." As set forth herein, Plaintiff's Complaint fails as a matter of fact and law and should be dismissed.

**No Standing**

The "Commerce Clause" of the United States Constitution, under which Plaintiff brings its claims in this matter, allows Congress to "regulate Commerce ... among the several states." U.S. Const. Art. I § 8, cl. 3. Plaintiff, however, is an Arkansas corporation (*see* Complaint, ¶ 2) and does not allege that it transports waste in interstate commerce, i.e., from outside Arkansas to Johnson County.[1] The Commerce Clause of the U.S. Constitution is violated only when local law or regulation discriminates against interstate, not intrastate, commerce. This fact is spelled out in the very case cited by the Plaintiff in its summary judgment motion: "We hold that portions of the Act

[1] In fact, Plaintiff's Complaint does not even allege that it hauls waste from another Arkansas County into Johnson County. As such, Plaintiff cannot show that it would be subject to the subject fee(s) under any reading of the ordinance.

in question discriminate on their face against solid waste *originating outside the State of Arkansas*. State statutes having this effect violate the Commerce Clause." *In re Southeast Arkansas Landfill, Inc.* 981 F.2d 372, 373 (8th Cir. 1992) (emphasis added)(citing *City of Philadelphia v. New Jersey,* 437 U.S. 617, 629, 98 S.Ct. 2531, 2538, 57 L.Ed.2d 475 (1978)). In this case, however, the Plaintiff has not alleged that it brings any out-of-state waste Johnson County for disposal or that any other individual or entity brings such out-of-state waste Johnson County for disposal. Even if another entity does, Plaintiff has no standing to assert a constitutional claim on their behalf. Accordingly, Plaintiff's Complaint should be dismissed.

**No Basis for Injunctive Relief**

Plaintiff's Complaint seeks injunctive relief in the form of a declaratory Judgment that Johnson County Ordinance # 2010-1347 is invalid. There is no basis for injunctive relief, however, for at least two reasons. First, no fees have been collected/received under Johnson County ordinance # 2010-1347 to date from any haulers or operators (including the Plaintiff). Further, the County Judge has testified by affidavit that, at next Thursday night's (September 9, 2010) Johnson County Quorum Court meeting, he will offer an amended version of ordinance # 2010-1347, which will make it clear that the $5 per load fee will be assessed for *all* waste disposal in Johnson County that is covered by the ordinance, regardless of the origin of the waste load. The Defendant will supplement this response when the ordinance is amended by the Quorum Court.

**Conclusion**

The Plaintiff has no standing to raise its claim(s) herein and can prove no basis for injunctive relief. Accordingly, the Plaintiff's Complaint should be dismissed.

Respectfully submitted,

Johnson County, Arkansas
*Defendant*

RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
6315 Ranch Drive
Little Rock, Arkansas 72222-7250
Telephone (501) 868-2500
Telefax (501) 868-2505
Email: rainwater@rainfirm.com
Email: owens@rainfirm.com

By: /s/ *Jason E. Owens*
Michael R. Rainwater, #79234
Jason E. Owens, #2003003

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I am mailing a copy by U.S. Mail, postage prepaid to the following non CM/ECF user:

C. Brian Meadors
Attorney for Plaintiff
PRYOR, ROBERTSON, BEASLEY & SMITH, PLLC
P.O. Drawer 848
Fort Smith, AR 72902-0848
bmeadors@prbslaw.com

/s/ *Jason E. Owens*
Jason E. Owens
Attorney for Defendants
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
6315 Ranch Drive
Little Rock, Arkansas 72222-7250
Telephone (501) 868-2500
Telefax (501) 868-2505
Email: owens@rainfirm.com