**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION 2**

**JOHNSON COUNTY DISPOSAL WELL SERVICES, INC. PLAINTIFF**

**v. Case number: 10-2096**

**JOHNSON COUNTY, ARKANSAS DEFENDANT**

**PLAINTIFF'S REPLY
TO THE DEFENDANT'S RESPONSE
TO THE PLAINTIFF'S SUMMARY JUDGMENT MOTION**

COMES NOW, the Plaintiff, by its attorney, C. Brian Meadors of PRYOR, ROBERTSON, BEASLEY & SMITH, PLLC, and states:

Defendant asserts two bases for denying Plaintiff's Motion for Summary Judgment: 1) lack of standing; and 2) potential mootness of Plaintiff's claim due to Defendant's alleged plan to amend the unconstitutional ordinance at issue. Both of these arguments are refuted below.

**1. Standing**

Plaintiff has standing to bring this claim against Johnson County. Defendant wrongly interprets the Eighth Circuit's decision in *In re Southeast Arkansas Landfill, Inc.* 981 F.2d 373 (8th Cir. 1992) to mean that an injury due to disparate treatment under the dormant Commerce Clause of the U.S. Constitution could *only* arise if materials were transported across state lines (coming from outside Arkansas into Johnson County). As plaintiff is an Arkansas corporation facing a fine for transporting waste from within

Arkansas into Johnson County, Defendant surmises that Plaintiff does not engage in interstate commerce, and thus Plaintiff has no standing. Not true. Johnson County's restrictions on the transport of waste from outside the county into the county have the same effect whether the waste originates from Arkansas or from out of state. Seen another way, the ordinance at issue imposes the very same restriction on out-of-state waste entering Johnson County as on Arkansas waste that did not originate in Johnson County. *See id.* at 375.

This very issue was addressed in *In re Southeast Arkansas Landfill*, and there, "in-state, out-of-district waste [was] treated identically with out-of-state waste." *Id.* And the Eighth Circuit, quoting the Supreme Court in *Fort Gratiot Sanitary Landfill, Inc. v. Michigan Department of Natural Resources*, 112 S. Ct. 2019 at 2024 (1992), found that "a State...may not avoid the strictures of the Commerce Clause by curtailing the movement of articles of commerce through subdivisions of the State, rather than through the State itself." *Id.* Similarly, Johnson County cannot here avoid liability for an unconstitutional ordinance by claiming that it only affects Plaintiff's intrastate commerce. The ordinance itself restricts commerce both interstate and intrastate, and the Plaintiff has standing to sue on either basis.

**2. Mootness**

What Defendant styles as "No Basis for Injunctive Relief" in the second part of its Response is actually another standing argument based on lack of injury and mootness.

Defendant states that since it has not yet collected any fees pursuant to the ordinance, Plaintiff has not yet suffered any injury. Moreover, Defendant maintains that it will amend the offending ordinance in the future so that it will no longer impact the Commerce Clause (namely by assessing a fee for all waste disposed of in Johnson County, regardless of the origin of the waste).

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992), states the standing requirement as: "an 'injury in fact' that is both (a) concrete and particularized, and (b) actual or imminent, rather than conjectural or hypothetical." Here, the Defendant issued Plaintiff a letter, dated May 18, 2010 (Ex. A, page 1 of 6 to the Complaint), in which it asked for payment of "$5 per load" of waste materials to be made "on or before the 15th of August, 2010" and thereafter "on a monthly basis each following month." The fact that Defendant has yet to physically collect the money does not make the collection and fine any less "imminent."

As for Defendant's argument that the Quorum Court for the county plans to change the ordinance to conform to constitutional strictures, unless and until this happens, Plaintiff's claim remains strong. Indeed, that statement by the Defendant is effectively an admission that its ordinance is unconstitutional.

* * *

CERTIFICATE OF SERVICE: This document was filed on the CM/ECF system which will serve all counsel of record.

Respectfully submitted,

JOHNSON CO. DISPOSAL WELL SERVICES, INC.

_/s/ C. Brian Meadors ________________

C. Brian Meadors, Ark. Bar No. 2001186
PRYOR, ROBERTSON, BEASLEY& SMITH, PLLC
315 North 7th Street; P.O. Drawer 848
Fort Smith, AR 72902-0848
(479) 782-8813; (479) 785-0254 (fax)
bmeadors@prbslaw.com