```
                IN THE UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF ARKANSAS
                         FORT SMITH DIVISION


JOHNSON COUNTY DISPOSAL WELL
SERVICES, INC.                                            PLAINTIFF

v.                         No. 10-CV-02096

JOHNSON COUNTY, ARKANSAS                                  DEFENDANT
```

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Defendant's Motion to Dismiss (Doc. 3) and Plaintiff's Response (Doc. 5) as well as Plaintiff's Motion for Summary Judgment (Doc. 6), Defendant's Response (Doc. 14), Plaintiff's Reply (Doc. 18), and Defendant's Surreply (Doc. 20). For the reasons reflected herein, Plaintiff's Complaint is **DISMISSED FOR LACK OF STANDING.**

Plaintiff Johnson County Disposal Well Services, Inc. brought this action to invalidate Defendant Johnson County's ordinance levying a five dollar, per-load fee for certain waste dumped within Johnson County. Plaintiff alleges that the ordinance violates the Commerce Clause of Art. I, §8 of the United States Constitution. While the Complaint states that the ordinance discriminates against waste generated outside Johnson County as compared to waste generated inside Johnson County, the ordinance has since been amended as reflected in Defendant's Surreply (Doc. 20) to Plaintiff's Motion for Summary Judgment (Doc. 6). The ordinance, as amended, states that the $5 fee "will be assessed on a per load basis for all waste disposal in Johnson County, regardless of the

origin of the waste." (Doc. 20 at p. 5 art. 10).

## I. Standing

"Standing is a 'threshold inquiry' and 'jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *Medalie v. Bayer Corp.*, 510 F.3d 828, 829 (8th Cir. 2007)(quoting *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007)). "Standing is the constitutional requirement, imposed by the 'cases or controversies' provision of Article III, that a plaintiff must allege a judicially cognizable and redressable injury in order to pursue a lawsuit." *Ben Oehrleins & Sons & Daughter, Inc. v. Hennepin County,* 115 F.3d 1372, 1378 (8th Cir. 1997) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992)). "The constitutional minimum of standing requires an 'injury in fact,' 'a causal connection between the injury and the conduct complained of,' and a likelihood 'the injury will be redressed by a favorable decision.'" *Medalie*, 510 F.3d at 829 (quoting *Lujan*, 504 U.S. at 560-61).

The challenged ordinance, as amended, would assess a fee for waste dumped within Johnson County on a non-discriminatory basis, regardless of the origin of the waste. Plaintiff may then be hard-pressed to show that any injury in fact incurred by Plaintiff[1] would likely be redressed by a favorable decision as it is unclear

---

[1] Defendant argued in their Response to Plaintiff's Motion for Summary Judgment (Doc. 14), that no fees had been collected under the ordinance as of August 31, 2010. It is not know if any fees have been collected from Plaintiff under the amended ordinance. Plaintiff, however, would be forced to pay under the ordinance, having received a letter from Defendant informing Plaintiff that payment would be required. The injury to Plaintiff, therefore, is at least "imminent" if not already actualized.

what injury Plaintiff now contends. However, even had Plaintiff advanced some argument that the ordinance, as amended, violated the dormant commerce clause such that their injury could be redressed by a favorable decision, the Court would nonetheless find that Plaintiff lacks prudential standing.

"Even if a plaintiff meets the minimal constitutional requirements for standing, there are prudential limits on a court's exercise of jurisdiction" which "'are founded in concern about the proper – and properly limited - role of the courts in a democratic society." *Oehrleins*, 115 F.3d at 1379 (quoting *Bennett v. Spear*, 117 S. Ct. 1154, 1161 (1997))(further quotation omitted). One such prudential limit on standing "normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury themselves." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 509 (1975)). Additionally, prudential considerations require a plaintiff to show that "the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." *Id.* (quoting *Ass'n of Data Processing Serv. Orgs. v. Camp*, 397 U.S. 150, 153 (1970)). The Constitutional guarantee in question in the present case is the dormant Commerce Clause. Unless Plaintiff can show some interstate commerce interest that it is seeking to protect, the third-party standing rule will bar Plaintiff from asserting the rights of another. The Court must determine if Plaintiff has standing to challenge the ordinance as being either facially discriminatory

against out-of-state economic interests or whether they can challenge the ordinance as being excessively burdensome to interstate commerce. *See Nat'l Solid Waste Mgmt. Ass'n v. Pine Belt Reg'l Solid Waste Mgmt. Auth.*, 289 F.3d 491. 499 (5th Cir. 2004).

The Court concludes that Plaintiff's injury does not fall within the zone of interests to be protected by the dormant Commerce Clause with respect to ordinances that are alleged to facially discriminate against out-of-state interests. The zone of interests to be protected by the dormant Commerce Clause in addressing facially discriminatory ordinances seeks to protect against local economic protectionism and retaliation among the states. *Id.* (citing *C & A Carbone, Inc. v. Town of Clarkstown, N.Y.*, 511 U.S. 383 (1994)). Plaintiff has made no showing or suggestion that Plaintiff ships or receives any waste from out of state nor do they allege that they have any plans to do so. Therefore, to the extent that the amended ordinance is injurious to Plaintiff, the injury is in no way related to any out-of-state characteristic of their business and, thus, Plaintiff does not have standing to challenge the ordinance on the basis of a claim that it is facially discriminatory against out-of-state interests.

The dormant Commerce Clause also protects against injuries caused by ordinances "impos[ing] a burden on interstate commerce that outweighs any benefits received." *Grand River Enters. Six Nations v. Beebe*, 574 F.3d 929, 942 (8th Cir. 2009)(citing *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970)). "An allegation that the plaintiff is involved in interstate commerce and that the

*plaintiff's* interstate commerce is burdened by the ordinance in question is sufficient to satisfy the zone of interests test with respect to ordinances that assertedly impose an excessive burden on interstate commerce." *Nat'l Solid Waste Mgmt. Ass'n*, 389 F.3d at 500 (emphasis in original). Plaintiff in this case has alleged no engagement in interstate commerce nor that any interest they may have in interstate commerce is allegedly burdened by the ordinances. Therefore, Plaintiff does not have standing to challenge under this zone of interest protected by the dormant Commerce Clause.

Plaintiff argues that standing should be granted in this case by citing to *In re Southeast Ark. Landfill, Inc.* v. *State of Ark., Dept. of Pollution Control and Ecology*, 981 F.2d 372 (8th Cir. 1992), in which the Eighth Circuit considered two Acts of the Arkansas General Assembly which regulated the disposal of waste in Arkansas on a regional basis. The issue of jurisdiction was not raised or considered in that opinion, and courts "are generally not bound by a prior . . . implicit resolution of an issue that was neither raised by the parties nor discussed by the panel." *Streu v. Dormire*, 557 F.3d 960, 963 (8th Cir. 2009)(citing *United States v. Quiroga,* 554 F.3d 1150 (8th Cir. 2009), *Passmore v. Astrue*, 533 F.3d 658, 660 (8th Cir. 2008)); *see also United States v. L.A. Trucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952)(stating that a prior decision's implicit resolution of an issue that was neither "raised in briefs or argument nor discussed in the opinion of the . . . Court" is not binding precedent). The exercise of

jurisdiction in *Southeast Ark. Landfill, Inc.*, therefore, is not precedent for the existence of jurisdiction in the case presently before the Court. Furthermore, the Court would reject the contention that Plaintiff, here, is in such a substantially similar position to the plaintiff in *Southeast Ark. Landfill, Inc.* that the Court would be constrained by any jurisdictional ruling made in that case, had there been one.

The interest Plaintiff seeks to secure in this case is the avoidance of having to pay a $5 fee applied uniformly by Defendant to certain waste dumped in Johnson County. The primary purpose of the dormant Commerce Clause in protecting against discrimination in interstate commerce among the states would not be served by allowing Plaintiff standing to assert this claim. The Court finds that Plaintiff does not have standing, and the Court, therefore, does not have jurisdiction to rule on the merits of Plaintiff's claim.

While the Court need not discuss the issue further, even had Plaintiffs established standing in this Court, Plaintiff has not provided any authority that would persuade the Court that Johnson County's actions may violate the dormant commerce clause. Plaintiff's rely almost wholly on *Southeast Ark. Landfill, Inc.* to advance their claim. The case at hand, however, unlike many waste cases involving the dormant commerce clause - including *Southeast Ark. Landfill, Inc.* - does not involve a question of access. Plaintiff has not argued that the ordinance forces them to use the disposal facilities in Johnson County or that the ordinance has

the effect of substantially foreclosing the use of the County's waste facilities. A local ordinance which even-handedly raises a fee for use of facilities "may or may not encourage companies from doing business in the [County]. But while this may be a relevant concern in forming economic policies, it is simply not the proper inquiry for considering discrimination under the Commerce Clause." *Ben Oehrleins & Sons & Daughter, Inc. v. Hennepin County*, 115 F.3d 1372, 1387 (8th Cir. 1997).

### IV.  Conclusion

Based on the foregoing, Plaintiff's Complaint is hereby **DISMISSED FOR LACK OF STANDING.**

IT IS SO ORDERED this 24th day of November, 2010.

    /s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge